

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-1774
Re: Transporting unstamped beer to
destination outside Texas.

This will acknowledge receipt of your letter
of December 15, 1939, in which you submit the following
facts for our consideration:

"We have recently made an audit of some
of the beer manufacturers in Texas in which
audit the manufacturer claims to have sold
beer which was later transported out of the
State of Texas, the tax upon which, amounts
to approximately $5,000.00. Facts in regard
to such sales are substantially as follows:

"Beer Distributors from Oklahoma, Arkan-
sas, Louisiana and New Mexico are purchasing
unstamped beer from Texas manufacturers in
the following manner:

"1. The out of State distributor proceeds
to the docks of the Texas manufacturer and
purchases unstamped beer, loads it on his pri-
vately owned truck and returns to the state
from whence he came.

"2. The Texas manufacturer calls this a
legal export and requests that credit be allow-
ed in an audit for unstamped beer exported.

"3. The Texas manufacturer has no documen-
tary proof in his file that said beer was ac-
tually transported beyond the boundaries of
Texas.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Bert Ford, Administrator, Page 2

"In making the audit above mentioned the question arises as to whether taxes on the beer above mentioned are due the State as being a first sale, distribution, etc. within the State of Texas as contemplated by Article II, Sec. 23(a), and as to whether or not the law contemplates that such beer must be stamped and a claim for refund made."

From such facts you desire our opinion on two questions thereinafter stated as follows:

"First. Are taxes on the beer in question due the State of Texas?

"Second. Does the law require that beer, under circumstances above mentioned, be stamped by the manufacturers, and if so is he entitled to a refund for the stamps so used?"

Section (d) of Article 667-23, Revised Civil Statutes of Texas, reads:

"(d) On beer manufactured in this State the duty of paying the tax and affixing and cancelling the stamp as required herein shall rest primarily upon the manufacturer, and it is hereby declared to be unlawful for any manufacturer to transport any beer or to deliver to any person any beer to be transported away from the brewery of said manufacturer unless and until tax has first been paid and the tax stamp evidencing such payment has been first affixed and cancelled as required by this Act; provided, however, that no person holding a Manufacturer's License in this State shall be required to affix stamps on any containers of beer stored in the brewery where same is brewed or being transported therefrom to a point outside of this State." (underscoring ours)

Section (f) of Article 667-23, Revised Civil Statutes of Texas, reads:

"(f) It shall be unlawful to transport to destinations in this State any beer upon which

Hon. Bert Ford, Administrator, Page 3

tax has not been paid and such payment evidenced by stamps affixed and cancelled as required by law.

Section (g) of the above article reads:

"(g) If any person has paid the tax on any beer and affixed tax stamps to the containers thereof and thereafter said beer is shipped out of Texas for consumption, a claim for refund may be made upon paying a fee of Five Dollars ($5) to the Board at the time and in the manner prescribed by the Board or Administrator. So much of any funds derived hereunder as may be necessary, not to exceed two (2) per cent thereof, is hereby appropriated for such purpose. The Board may promulgate rules and regulations generally for the enforcement of this provision.

It is clearly seen from Section (d), supra, that it was the intention of the Legislature to hold the manufacturer primarily liable for the payment of the taxes imposed by law on beer. The Legislature saw fit, however, to specifically except from the requirement that tax stamps be placed upon beer before being removed from the brewery, beer "being transported therefrom to a point outside of this State."

Your statement of facts, hereinabove quoted from, reveals that the beer in question is being purchased by out of State dealers and that such dealers are sending their trucks to the docks of the Texas manufacturer for such beer; that the manufacturer has no way of knowing whether or not such beer is actually transported outside the State.

The underscored portion of Section (d) hereinabove quoted from, constitutes an exception or exemption from the requirements of the statute. It is a fundamental rule of construction that a tax-payer, claiming an exemption under some statute, must bring himself clearly within such exception. See McCallum vs. Associated Retail Credit Men of Austin, (Com of App.) 41 SW 2nd 45; Santa Rosa Infirmary vs. City of San Antonio, (Com. of App.), 259 SW 926; Texas Employers' Insurance Association vs. City of Dallas, 5 SW

Hon. Bert Ford, Administrator, Page 4

2nd 614 and authorities therein cited too numerous for citation herein.

The law does not require that beer be transported outside the State in a particular manner or by any particular mode of conveyance. It merely provides an exception within which the manufacturer must clearly bring himself in order to avoid the payment of taxes. If a Texas manufacturer delivers beer to a truck operator who advises that he will deliver the same beyond the boundaries of this State and there is no proof that it was actually done, the manufacturer has not brought himself within the exception and is liable for the payment of the tax imposed by law. He must have concrete, definite evidence that the beer in question was consigned to, and actually delivered beyond the borders of this State.

You advised that the manufacturer has no documentary proof in his file that said beer was actually transported beyond the boundaries of Texas. Under such statement of facts, we conclude that the Texas manufacturer has not brought himself within the exception provided by the statute and that the tax in question is due to the State of Texas.

In answer to your second question, we conclude that beer, being transported under the circumstances set out in your letter, must be first stamped by the manufacturer. If the manufacturer thereafter brings himself within the tax exemption statute by offering proof that such beer was actually transported beyond the borders of Texas, he may claim his refund under the provisions of Section (g) supra.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

APPROVED JAN 12, 1940

LA:AW

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN